**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | 3:99-cr-148 JWS |
| ) | |
| **vs.** ) | **ORDER AND OPINION** |
| ) | |
| **MARIO ANIBAL ESCOBAR,** ) | **[Re: Motion at docket 200]** |
| ) | |
| **Defendant.** ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 200, and as modified by the amended motion at docket 223, defendant Escobar moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and the retroactive adjustment in the United States Sentencing Commission's guidelines applicable to crack cocaine offenses.  The United States opposes the motion at docket 225.  Escobar's reply is at docket 228.  Oral argument was not requested and would not be of aid to the court.

## II.  DISCUSSION

Escobar pled guilty pursuant to a plea agreement to one count of attempting to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846(a)(1).  He also pled guilty to one count of unlawful re-entry by a previously removed alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  The drug conviction was based on Escobar's attempt to obtain a package containing 971.6 grams of powder cocaine and 19.6 grams of crack cocaine.

The drug conviction drove the sentencing calculus under the Guidelines. Escobar had two prior felony convictions on controlled substance offenses, so he was

subject to the Career Offender Guideline, § 4B1.1.  There was evidence to support the proposition that all of the powder cocaine would have eventually been converted to crack cocaine, so in the PSR, it was calculated that Escobar's base offense level after applying the Career Offender Guideline was 37.  However, the court declined to treat the powder cocaine as crack cocaine, so the resulting base offense level after application of the Career Offender Guideline was reduced to a level 34.  With acceptance of responsibility pursuant to Guideline § 3E1.1, the offense level was 31. The court found that Category VI overstated Escobar's criminal history and departed to Category V.  Combined with the offense level of 31, this provided a Guideline sentencing range of from 168 to 210 months.  Escobar was sentenced to 168 months.

It is important to note that the court did not depart from the Career Offender Guideline with respect to the offense level.  The reduction from level 34 to level 31 via the three-level adjustment for acceptance of responsibility is expressly sanctioned by the Career Offender Guideline.  The court did, however, depart from the Category VI criminal history category dictated by the Career Offender Guideline to a Category V.

There is nothing in the new crack cocaine guidelines which would have any effect on the application of the Career Offender Guideline to the facts of Escobar's case. First, regardless of whether the new or the old guidelines for crack are used to calculate the total drug quantity for which defendant is responsible, Escobar's Guideline range would be a level 31 based on application of the Career Offender Guideline after adjustment for acceptance of responsibility.  This is plainly demonstrated by the fact that had Escobar been sentenced based only for the powder cocaine in the package (*i.e.*, assuming there was zero crack cocaine), his Guideline base offense level would not have changed.  Second, there is nothing in the new crack guidelines which has any bearing on defendant's criminal history score.  The fact that the court eased the strictures of the Career Offender Guideline with respect to Escobar's criminal history category at the time of the original sentencing cannot be used now to yield a still lower criminal history category through application of the new crack guidelines.  Thus, Escobar's Guideline sentencing range is not changed by application of the new crack cocaine guidelines.  Furthermore, particularly in light of the seriousness of the offense,

Case 3:99-cr-00148-JWS   Document 229   Filed 02/05/09   Page 2 of 3

and the history and characteristics of the defendant, consideration of the factors identified in 18 U.S.C. § 3553(a) does not support a reduction in Escobar's sentence.

Escobar relies on a district court decision from Pennsylvania, *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. PA 2008) to support his request for a lower sentence. The court does not find this persuasive. First, that case has no precedential value. Second, there is nothing in the *Poindexter* case which persuades this court that the analysis set forth above is incorrect. In *Poindexter*, the defendant had been sentenced at a Guideline offense level which was based on the quantity of drugs, not on the Career Offender Guideline from which the sentencing judge had departed. That is not what happened in this case. Escobar's sentence was based on the offense level determined pursuant to the Career Offender Guideline.

### III.  CONCLUSION

For the reasons above, the motion at docket 200 is **DENIED**.

DATED at Anchorage, Alaska, this 5th day of February 2009.

/s/  JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE